In the matter of the probate of the last will and testament of
CHARLES FEDER, deceased.

[Decided July 21st, 1921.]

In a will contest, evidence examined and *held* not to show that the
will was the product of undue influence on the testator.

On appeal from the Passaic orphans court.

*Mr. Louis G. Morten, Mr. Francis Scott* and *Mr. Robert H.
McCarter,* for the appellants.

*Mr. William B. Gourley,* for the respondent.

BACKES, VICE-ORDINARY.

This appeal is from a decree of the orphans court of Passaic
county admitting to probate the last will and testament of
Charles Feder, deceased. The contest was waged upon the usual
grounds of incompetence and undue influence. After a volumi-
nous record, which I have carefully read, counsel for the cavea-
tors withdrew, in the court below, the charge of incompetence.
The learned trial judge concluded that the will was not the
product of undue influence, and his reasons leading to that re-
sult are fully stated in his opinion, in which I concur, adding
that there are other and important incidents in evidence to
which he could have alluded favorably in sustaining his views
and judgment.

The concluding paragraph of the opinion. "Moreover, propo-
nent, Rebecca Rhode, has successfully met and overcome the
burden of showing that neither she nor her husband exerted any
undue influence upon the testator," gave me some concern, and I
searched the record for its justification. apprehensive that in my
perusal I had overlooked some salient testimony that shifted the
burden of proof. I called counsels' attention to it and they at-

tempted to support it by supplemental testimony before me. Now, after argument, I am satisfied that the troublesome sentence was a judicial slip. There was no relation of trust and confidence between the parent and the favored child (Mrs. Rhode), nor ascendency nor dominance on her part, as to raise the presumption of undue influence within the principles laid down in the *Sparks' Case, 63 N. J. Eq. 242; In re Anastasia Davis, 73 N. J. Eq. 617,* and *In re Cooper's Will, 75 N. J. Eq. 177.* Although Mr. Feder had reached a great age, he retained to a remarkable degree the mental virility of his youth, to such an extent that he was able until the last to carefully watch over his fortune. He quit business early, and wisely, to husband what he had gathered through years of toil. Although affable in intercourse, and tactfully acquiescent, yielding when his comforts were at stake—an old man's privilege—he was, nevertheless, keenly sensitive to slight, resentful of meddling with his affairs, and hardheaded when his sense of right and his resolutions were opposed. The incidents that were brought out at the trial—and there were many, as tending to establish undue influence on the part of Mrs. Rhode, and they were all more or less of an oppressive character—if true, would have met with censure and reaction. The testator was a "pay guest" in his daughter's home. She was attentive to her aged father, of course, but there is nothing in the proofs even tending to show that she dominated his affairs. He had a male nurse, and the latter's "back stairs" gossip is far from satisfying me that Mrs. Rhode controlled her father's conduct, or made any effort in that direction. That she wanted her father to make a will is beyond question. That she never sought a preference for herself is equally beyond question, under the proofs. Indeed, to the contrary, it is shown that her aim was to have him make an "equality will," one that dealt equably with the six children. That she ever approached her father is negated by two bits of proof. Her husband reproached her for not making the effort, and she asked the male nurse to suggest to her father that he make a will. Why, if she herself were influential with him, or attempted to control his mind, should she ask the servant? The will was drawn by the testator's

own lawyer, to whom alone he confided his wishes, and upon whom he imposed professional secrecy as to its contents; it was the unconstrained act of the testator.

The judgment below will be affirmed.